**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MICHELLE DRIVER and**
**RICHARD DRIVER**                                                                    **PLAINTIFFS**

**V.**                                                    **CAUSE NUMBER: 4:26-cv-00067-JDM-JMV**

**LIBERTY MUTUAL INSURANCE COMPANY**                                   **DEFENDANT**


**<u>ORDER</u>**

Before the Court is Michelle and Richard Driver's Motion to Remand. [13] The Drivers originally sued Liberty Mutual Insurance Company in Montgomery County, Mississippi Circuit Court. They alleged Liberty Mutual did not honor their insurance policy and denied payment for tornado and/or windstorm damage to their property. The Drivers served Liberty Mutual on April 6, 2026. And on May 6, 2026, citing diversity jurisdiction, Liberty Mutual removed the case to this Court.

Now, the Drivers seek remand because they assert Liberty Mutual's removal notice was untimely. Their tardiness claim is based on Liberty Mutual not filing its notice of removal *in state court* until May 8, 2026—32 days after it had received service.

But the Drivers—who fired their lawyer and made this motion pro se—misunderstand the removal statute. What the statute really requires is that Liberty Mutual file a notice of removal in *federal* court within 30 days of receiving service. Then, the state court must be promptly notified that the case was removed. That is exactly what Liberty Mutual did. It timely removed the case by filing a notice of removal in *this Court* within the 30-day window. And it promptly gave the

state court notice by filing the state-court notice of removal two days later.  Therefore, the Motion to Remand is **DENIED**.

### Procedural History

After receiving the state-court summons and complaint on April 6, 2026, Liberty Mutual filed its Notice of Removal in this Court on May 6, 2026.  [1]  It based removal on diversity jurisdiction.  It recognized the Drivers are Mississippi residents and Liberty Mutual "is a company organized under the laws of the Commonwealth of Massachusetts with its principal place of business [in] Massachusetts."[1]  And because the Drivers' complaint sought up to $200,000 in contract damages, the jurisdictional amount in controversy requirement was met.  With its Notice of Removal, Liberty Mutual attached all documents filed in state court.

On May 8, 2026, Liberty Mutual informed the state court it had removed the case.  The state-court notice is the fourth item on the state court's docket.  And the state court's docket—which Liberty Mutual included when it filed the state-court record in this Court—only shows the civil cover sheet, the complaint, the summons issued to Liberty Mutual, and the May 8 state-court notice.  Nothing else was filed in the state-court case.  So when Liberty Mutual filed the state-court record in this Court, it only contained the four state-court documents.

On June 4, 2026, the Drivers fired their lawyer and proceeded pro se.  That same day, they filed the motion to remand.  Their motion contains a laundry list of reasons why the Drivers believe

---

[1] The Drivers take issue with this citizenship allegation.  They argue Liberty Mutual should have specifically alleged it is "incorporated" in Massachusetts.  But the Court finds Liberty Mutual adequately alleged its place of incorporation.  That's because "organized under the laws of [] Massachusetts" is synonymous with "incorporated in Massachusetts."  *Cf. Smith v. Wal-Mart Stores, Inc.*, EP-08-CV-085-PRM, 2008 WL 11333885, at *1 (W.D. Tex. June 23, 2008) (finding diversity of citizenship against defendant "organized under the laws of Delaware").

Liberty Mutual's removal was defective. But their core argument is that Liberty Mutual failed to remove the case within the required 30 days.

**Discussion**

But the removal statute does not require a removing defendant give notice of removal to a state court within 30 days.

Removal of a state action to federal court is governed by 28 U.S.C. § 1446. Subsection (b) requires "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, . . . of a copy of the initial pleading setting forth the claim for relief[.]" 28 U.S.C. § 1446(b)(1). And subsection (d) requires the defendant—"[p]romptly *after* the filing of such notice of removal"—to give notice to adverse parties *and the state court*. 28 U.S.C. § 1446(d) (emphasis added). This state-court filing "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *Id.*

In essence, this means a defendant has two different notice requirements for removal. First, the defendant must file a notice of removal in federal court within 30 days. Then, he needs to "promptly" inform the adverse party and state court about the removal. Sections 1446(b)(1) and 1446(d) are "separate provisions with separate requirements." *Tubwell v. Specialized Loan Serv. LLC*, No. 3:17-cv-15-DMB-RP, 2017 WL 1450598, at *4 (N.D. Miss. Apr. 12, 2017). "The thirty-day limit in § 1446(b)(1) does not apply to § 1446(d), which merely requires 'prompt notice.'" *Id.* (citing *Littleton v. Am. Bankers Life Ins. Co. of Fl.*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003)).

In *Tubwell*, the defendants removed the case to federal court 30 days after receiving the summons and complaint. *Id.* at *1. Tubwell sought remand because the defendants did not file the removal notice in state court until three days later. *Id.* at *4-5. He argued that the removal was untimely because the defendants filed the notice in state court 33 days after receiving the summons

3

and complaint.  *Id.*  But this Court disagreed.  It found that the federal-court removal notice was filed within the 30 days required by § 1446(b)(1).  *Id.*  And the defendants "promptly" filed the state-court notice three days later.  *Id.*

That is exactly what happened in this case.  After filing its notice of removal in this Court within § 1446(b)(1)'s 30-day window, Liberty Mutual satisfied § 1446(d) by promptly filing its notice in state court two days later.  Like *Tubwell*, the Court finds no timing issue deprives this Court of jurisdiction.

While the Drivers' argument is unsupported by the removal statute's language, they heavily rely on *Enbridge Energy, LP v. Nessel on behalf of Michigan* for their pitch that both federal and state removal notices must be filed within 30 days of service.  146 S. Ct. 1074 (2026).  But there, the Supreme Court held that § 1446(b)(1)'s 30-day deadline was not subject to equitable tolling.  *Id.* at 1079.  The Court neither discussed nor even mentioned § 1446(d).  *Enbridge* is totally inapplicable here.

The Drivers make various other arguments.  But they lack merit and do not deprive this Court of jurisdiction after Liberty Mutual's proper removal.

### Conclusion

For these reasons, the Drivers' Motion to Remand [13] is **DENIED**.

**SO ORDERED**, this the 15th day of July, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

4